IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN SUTTON, et al., | ) | No. CV-F-08-280 OWW/GSA |
| | ) | |
| | ) | MEMORANDUM DECISION GRANTING |
| | ) | IN PART AND DENYING IN PART |
| Plaintiffs, | ) | PLAINTIFFS' MOTION TO REMAND |
| | ) | AND SEVERING AND REMANDING |
| vs. | ) | CLAIMS AGAINST DEFENDANTS |
| | ) | JONATHAN SALES, M.D., |
| | ) | BAKERSFIELD MEMORIAL |
| DAVOL, INC., et al., | ) | HOSPITAL AND CATHOLIC |
| | ) | HEALTHCARE WEST TO KERN |
| | ) | COUNTY SUPERIOR COURT (Doc. |
| Defendants. | ) | 11) |
| | ) | |
| _____ | ) | |

Plaintiffs Brian Sutton and Deborah Sutton filed a Complaint for Damages in the Superior Court of California, County of Kern. The Complaint alleges fourteen causes of action for personal injuries Brian Sutton suffered as a result of being implanted with the Kugel® Patch (hereafter the "Patch"). Plaintiffs allege that the Patch "is and was designed, compounded, manufactured, tested for safety, marketed, advertised, distributed, labeled, sold, recommended and implanted by Defendants."

1

1    Plaintiffs allege that they are citizens and residents of
2  Bakersfield, California.  The Complaint alleges that Defendants
3  Davol Inc., Bard Devices, Inc. and C.R. Bard, Inc., are citizens
4  of Delaware (the Diverse Defendants) and that Defendants Jonathan
5  Sales, M.D., Bakersfield Memorial Hospital, and Catholic
6  Healthcare West are citizens of California (the California
7  Defendants).

8    The Complaint alleges that the Diverse Defendants developed
9  and manufactured the Patch; that the Diverse Defendants were
10 required to conduct post market surveys of the device validation
11 process; that, in January 2006, the FDA issued a 2006 EIR finding
12 that the post market survey validation process was incomplete and
13 deliberately failed to include all data from physicians which
14 demonstrated unfavorable or dissatisfied results; that the
15 Diverse Defendants failed to cease distribution or notify
16 American consumers of the severity of complications associated
17 with the Patch until December of 2005; that Diverse Defendants
18 continued to manufacture and distribute other versions of the
19 Patch; that the FDA conducted investigations of these versions of
20 the Patch and determined that Diverse Defendants had failed to
21 take actions to correct problems or misidentified or excluded
22 problems concerning the Patch; and that Diverse Defendants
23 expanded the recall in 2006 to include these other versions of
24 the Patch.  The Complaint alleges that the first recall of the
25 Patch occurred on December 22, 2005.  On February 22, 2006,
26 Defendant Sales surgically implanted Brian Sutton with the Patch

on February 22, 2006 at Bakersfield Memorial Hospital.  On March 26, 2007, the California Defendants sent Plaintiffs a letter admitting that these defendants implanted Plaintiff with the Patch after it had been recalled by the FDA and after they had received notice of the product recall, necessitating a second surgery.

On February 26, 2008, Defendants Davol Inc., Bard Devices Inc., and C.R. Bard, Inc. removed Plaintiffs' Complaint to this Court on the basis of diversity of citizenship "between Plaintiffs and Davol and Bard, the only properly joined defendants."  The California Defendants did not consent to the removal.

A Multidistrict case is pending in the District of Rhode Island against the the removing Defendants, MDL Docket No. 1842 - *In re: Kegal Mesh Hernia Patch Product Liability Litigation*.

Plaintiffs move to remand this action to the Kern County Superior Court.

For the reasons stated in this Memorandum Decision, Plaintiffs' claims against the California Defendants are severed and remanded to the Kern County Superior Court; the motion to remand is denied as to removing Defendants.

A.  <u>MISJOINDER</u>.

Plaintiffs seek remand on the ground that the California Defendants have not been misjoined in this action and have not

1  consented to the removal.[1]

2      28 U.S.C. § 1332 requires complete diversity of citizenship;

3  each of the plaintiffs must be a citizen of a different state

4  than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S.

5  61, 68 (1996).

6      The Ninth Circuit recognizes one exception to he requirement

7  of complete diversity - where a non-diverse defendant has been

8  "fraudulently joined."  *Morris v. Princess Cruises, Inc.*, 236

9  F.3d 1061, 1067 (9th Cir.2001):

10          Fraudulent joinder, we have noted, 'is a term
            of art.' *McCabe v. General Foods Corp.*, 811

11          F.2d 1336, 1339 (9th Cir.1987).  Joinder of a
            non-diverse defendant is deemed fraudulent,

12          and the defendant's presence in the lawsuit
            is ignored for purposes of determining

13          diversity, '[i]f the plaintiff fails to state
            a cause of action against a resident

14          defendant, and the failure is obvious
            according to the settled rules of the state.'

15          ....

16  *Id.*  The removing defendant bears the burden of proving that

17  removal is appropriate and is entitled to present facts that the

18  joinder is fraudulent.  *McCabe v. General Foods Corp., id.* at

19  1339.

20      Defendants do not contend that Plaintiffs fail to state a

21  cause of action against the California Defendants.  Rather,

22  Defendants rely on a line of authority commencing with *Tapscott*

23  *v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996),

24  *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d

25  _____

26      [1]There is no issue concerning the amount in controversy.

4

1069 (11th Cir.2000).

In *Tapscott*, a putative class action was removed.  Numerous classes of defendants were joined under Fed. R. Civ. Proc. Rule 20.  The *Tapscott* court held that the factual commonality among the plaintiffs' claims against the different classes of defendants was not sufficient to satisfy Rule 20:

> The joinder of defendants in this action has been accomplished solely through Rule 20. The district court, finding no allegation of joint liability between Lowe's and any other defendant and no allegation of conspiracy, held there was an 'improper and fraudulent joinder, bordering on a sham.'  The court rejected Appellant's argument that 'a mere allegation of a common business practice subjects all defendants to joinder.' ... Disregarding the citizenship of the improperly joined parties, the district court asserted jurisdiction and severed and remanded the remainder of the action to state court.

> It is important to note that Appellants have not contended that Lowe's was properly joined with any other non-diverse defendants. Rather, they contend that while a court may disregard the citizenship of fraudulently joined parties, a misjoinder, no matter how egregious, is not fraudulent joinder.  We disagree.

> Joinder of defendants under Rule 20 requires: (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction or occurrence, or series of transactions or occurrences, and (2) a common question of law or fact.  Fed. R. Civ. P. 20(a).  The district court correctly found no allegation of joint liability or any allegation of conspiracy. Further, the alleged transactions involved in the 'automobile' class are wholly distinct from the alleged transactions involved in the 'merchant' class.  The only similarity between the allegations in the 'automobile'

5

1
2
3

     class and the 'merchant' class are
allegations of violations of Alabama Code §§
5-19-1, 5-19-19, and 5-19-20.  Such
commonality on its face is insufficient for
joinder.

4
5
6
7
8
9
10
11
12
13
14
15

     Misjoinder may be just as fraudulent as the
joinder of a resident defendant against whom
a plaintiff has no possibility of a cause of
action.  A defendant's 'right of removal
cannot be defeated by a fraudulent joinder of
a resident defendant having no real
connection with the controversy.'  *Wilson v.
Republic Iron & Sheet Co.*, 257 U.S. 92, 97
... (1921).  Although certain putative class
representatives may have colorable claims
against resident defendants in the putative
'automobile' class, these resident defendants
have no real connection with the controversy
involving Appellant Davis and West and
Appellee Lowe's in the putative 'merchant'
class action.  We hold that the district
court did not err in finding an attempt to
defeat diversity jurisdiction by fraudulent
joinder.  We do not hold that mere misjoinder
is fraudulent joinder, but we do agree with
the district court that Appellants' attempt
to join these parties is so egregious as to
constitute fraudulent joinder.

16 77 F.3d at 1360.  The only other Circuit to adopt the *Tapscott*

17 fraudulent misjoinder exception to the requirement of complete

18 diversity of citizenship is the Fifth Circuit in *In re Benjamin*

19 *Moore & Co.*, 309 F.3d 296 (5th Cir.2002).  The Ninth Circuit has

20 not addressed this issue.

21     The District Courts, including those in the Ninth Circuit,

22 are split concerning the applicability of the *Tapscott* fraudulent

23 misjoinder exception and the basis upon which it is applied.

24 District Court cases in the Ninth Circuit have also split.  *See*

25 *In re Guidant Corp. Implantable Defibrillators Products Liability*

26 *Litigation,* 2007 WL 2572048 (D.Minn.2007); *Greene v. Wyeth*, 344

1  F.Supp.2d 674, 684-685 (D.Nev.2004); *In re Rezulin Products*

2  *Liability Litigation*, 168 F.Supp.2d 136, 148 (S.D.N.Y.2001);

3  *compare Snyder v. Davol, Inc.*, 2008 WL 113902 (D.Or.2008); *Osborn*

4  *v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1127-1128

5  (E.D.Cal.2004); *Brazina v. Paul Revere Life Ins. Co.*, 271

6  F.Supp.2d 1163, 1172 (N.D.Cal.2003)

7       Defendants, relying on *Greene*, *Crockett,* and other District

8  Court decisions from other circuits applying *Tapscott*, argue that

9  the California Defendants have been "fraudulently misjoined",

10 thereby making removal of this action appropriate:

11            [T]he allegations included in the Complaint
              against Bard and Davol are legally and
12            factually distinct from the allegations
              against the Healthcare Defendants.  The
13            claims against Davol and Bard involve
              product-liability-related legal theories
14            whereas the claims asserted by Plaintiffs
              against the Healthcare Defendants, on the
15            other hand, involve a <u>medical</u> negligence
              claim ... The essence of the claims against
16            Davol and Bard arise from the design, testing
              and manufacture of the Composix® Kugel® Patch
17            before it was implanted in Mr. Sutton.  In
              contrast, the basis for the claims against
18            the Healthcare Defendants arise from their
              negligent or fraudulent failure as health
19            care providers to properly comply with the
              voluntary product recall notices provided to
20            them, resulting in a recalled product being
              implanted into Mr. Sutton.  The evidence on
21            the claims against Bard and Davol and the
              Healthcare Defendants will be separate –
22            manufacture-specific evidence involving the
              design, testing, and manufacture of the Patch
23            on one hand and health care provider-specific
              evidence regarding Plaintiffs' treatment and
24            health care providers' response to recall
              warnings on the other.

25
26      Defendants' legal and factual position is compelling,

7

1   especially in the context of MultiDistrict Litigation.

2        Plaintiffs alternatively argue that the joinder of the

3   claims and parties in the Complaint was proper under California

4   law, thereby negating the *Tapscott* exception.

5        Although a threshold issue is whether California's joinder

6   rules or Rules 20-21, Federal Rules of Civil Procedure, apply to

7   make this determination, California Code of Civil Procedure §

8   379(a)(1) and Rule 20(a)(1) are virtually identical.   Section

9   379(a)(1) provides:

10           All persons may be joined in one action as
             defendants if there is asserted against them:

11
             (1) Any right to relief jointly, severally,
12           or in the alternative, in respect of or
             arising out of the same transaction,
13           occurrence, or series of transactions or
             occurrences and if any question of law or
14           fact common to all these persons will arise
             in the action ....

15
     Rule 20(a)(1), Federal Rules of Civil Procedure, provides:
16
             Persons may join in one action as plaintiffs
17           if:

18           (A) they assert any right to relief jointly,
             severally, or in the alternative with respect
19           to or arising out of the same transaction,
             occurrence, or series of transactions or
20           occurrences; and

21           (B) any question of law or fact common to all
             plaintiffs will arise in the action.
22
     Because of the similarity between Section 379(a)(1) and Rule
23
     20(a)(1), it is unnecessary to resolve whether the state
24
     procedure or the federal procedure should apply in determining if
25
     the *Tapscott* fraudulent misjoinder exception has been satisfied
26

                                    8

1  for purposes of removal and remand.

2      The factual background and analysis in *In re Guidant Corp.*

3  *Implantable Defibrillators Products Liability Litigation*, *supra*,

4  is persuasive that the joinder of the California Defendants is

5  improper.  Plaintiffs' claims based on strict products liability

6  against the removing Defendants are separate from Plaintiffs'

7  claims of medical malpractice against the California Defendants

8  in implanting a previously recalled patch in Plaintiff Sutton.

9  Plaintiffs' claims against the California Defendants are not

10  based on the allegedly negligent testing and manufacture of the

11  Patch and cannot be under California law.  *See e.g. Hector v.*

12  *Cedars-Sinai Medical Center*, 180 Cal.App.3d 493, 500-502 (1986).

13  In addition, Plaintiffs represented to the MultiDistrict

14  Litigation Panel in their Brief in Support of Motion to Vacate

15  Conditional Transfer Order:

16          Admittedly, the claims in this case against
            DAVOL, BARD DEVICES, C.R. BARD involve common
17          questions of fact and law as the cases
            already transferred to the MDL Proceedings.
18          However, the claims of medical negligence
            asserted against Medical Defendants involves
19          *factual and legal issues unique to this case.*

20  As in *In re Guidant Corp. Implantable Defibrillators Products*

21  *Liability Litigation*, *supra*, Plaintiffs' claims against the

22  California Defendants are severed and remanded pursuant to Rule

23  21, Federal Rules of Civil Procedure, so as to preserve the

24  removing Defendants' right to removal in the remaining

25  multidistrict action and to preserve the interests of judicial

26  expediency and justice so that all pre-trial discovery on the

9

1   products liability case can be coordinated in a single forum.

2       B.   <u>CONSENT</u>.

3       Plaintiffs further argue that remand is required because of

4   the failure of all defendants to consent to the removal.

5   Plaintiffs' argue that Defendants' assertion of procedural or

6   fraudulent misjoinder cannot be sustained because, in the Ninth

7   Circuit, fraudulent joinder is a "term of art" necessitating a

8   showing that Plaintiffs have not stated a cause of action under

9   state law.  *McCabe, id*.

10      Because the *Tapscott* fraudulent misjoinder exception is

11  applied, the *McCabe* test for fraudulent joinder is inapplicable.

12     In *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th

13  Cir.1988), the Ninth Circuit noted:

14          The parties dispute who exactly is a
                 defendant in this suit within the meaning of
15          the federal removal statute. Certain of the
                 individually named defendants and Touche Ross
16          & Co. contend they are not defendants because
                 they were never served and did not join in
17          the petition for removal.  Emrich and
                 Gillberg reply that a petition for removal
18          necessarily binds all defendants and thus,
                 makes all the defendants named in the
19          complaint parties to this appeal.  Both
                 parties are partially correct.  Ordinarily,
20          under 28 U.S.C. § 1446(a), all defendants in
                 a state action must join in the petition for
21          removal, except for nominal, unknown or
                 fraudulently joined parties ... This general
22          rules applies, however, only to defendants
                 properly joined and served in the action.
23          *See Salveson v. Western States Bankcard*
                 *Ass'n.*, 731 F.2d 1423, 1429 (9th
24          Cir.1984)(noting 'a party not served need not
                 be joined' in a petition for removal).  On
25          appeal, the record is unclear as to whether
                 none or merely some of the defendants were
26          served or otherwise subject to the

> jurisdiction of the state court.  On remand, therefore, the district court is requested to determine what defendants were properly served and to permit amendment of the removal petition to name all the proper defendants. The failure to join all proper defendants in a removal petition may otherwise render the removal petition procedurally defective ....

Plaintiffs argue that the statement in *Emrich* that the unanimity requirement for removal applies "only to defendants properly joined and served in the action" is *dicta* and that the *Salveson* case cited by *Emrich* only held that a defendant not served need not join in the removal petition.  Therefore, Plaintiffs contend, *Emrich* does not constitute valid authority for the proposition that the Ninth Circuit recognizes an exception to the unanimity requirement for improper joinder. Plaintiffs note that Defendants cite in support of this position are cases from other circuits, one of which follows the fraudulent misjoinder theory.

Plaintiffs' position is without merit.  Although the statement in *Emrich* may be dicta, the Ninth Circuit in *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir.2002), held that the rule of unanimity does not apply to fraudulently joined parties:

> If the fraudulence of a defendant's joinder is irrelevant for purposes of determining diversity, and there is no obligation to join such a defendant in a removal petition, there is no good reason why date of service on a fraudulently joined defendant should commence the thirty-day time period for removal under § 1446(b)."

This decision underscores *Emrich* and implies that a failure to

11

1  obtain the consent of an improperly joined defendant, as

2  determined under the *McCabe* line of authority, does not negate an

3  otherwise proper removal.

4          C.   <u>REQUEST FOR ATTORNEYS' FEES</u>.

5      Plaintiffs couple their motion to remand with a request for

6  move for an award of attorneys' fees and costs in the amount of

7  $4,500.00.

8      28 U.S.C. § 1447(c) provides that "[a]n order remanding the

9  case may require payment of just costs and any actual expenses,

10 including attorney fees, incurred as a result of the removal."

11 The decision to award such fees is within the district court's

12 discretion and does not require a finding of bad faith removal

13 because the purpose of such an award is not punitive, but rather

14 to reimburse a plaintiff for wholly unnecessary litigation costs

15 caused by defendant.  *Moore v. Permanente Medical Group, Inc.*,

16 981 F.2d 443, 446-447 (9th Cir. 1992).

17     Plaintiffs argue that an award of fees should be granted in

18 this action:

19              Removing Defendants fail to establish a
                single exception to the Complete Diversity or
20              Forum Defendant rules as recognized by the
                Ninth Circuit.  Rather, Defendants ask this
21              Court, contrary to controlling case law, to
                create a new exception known as procedural
22              misjoinder.  Even if the Court accepted
                Defendants' version of the procedural
23              misjoinder theory, it would not apply in this
                case, as joinder was clearly proper under
24              California's permissive joinder statute.
                Lastly, the notice of removal was
25              procedurally defective, as not all Defendants
                consented to removal.

26

                                    12

1    Plaintiffs' request for attorneys' fees is DENIED.  The

2  Ninth Circuit has yet to address the *Tapscott* decision.  *See HVAC*

3  *Sales, Inc. v. Zurich American Ins. Group*, 2005 WL 2216950

4  (N.D.Cal.2005) at * 8, where the District Court, after ruling

5  that *Tapscott* would not be applied, ruled:

6              Although this court concludes that removal
             was improper, AMCO and SAFECO asserted
7              tenable legal positions.  *See Schmidt*, 780
             F.Supp. at 704 (rejecting a fee request
8              because '[t]he minority position regarding
             third-party removal is a plausible legal and
9              factual basis for asserting removal
             jurisdiction').  Most courts that have
10             awarded fees have done so when a defendant
             should have been aware that removal was
11             improper ... That is not the case here.

12  Further, Plaintiffs' assertion that the consent of the California

13  Defendants was required for removal based on fraudulent

14  misjoinder is not the law in the Ninth Circuit.

15                         <u>CONCLUSION</u>

16    For the reasons stated:

17    1.  Plaintiffs' motion to remand is GRANTED IN PART AND

18  DENIED IN PART;

19    2.  Plaintiffs' claims against Defendants Jonathan Sales,

20  M.D., Bakersfield Memorial Hospital, and Catholic Healthcare West

21  are SEVERED AND REMANDED to the Kern County Superior Court;

22    3.  Counsel for Defendants shall prepare and lodge a form of

23  order setting forth the rulings in this Memorandum Decision

24  within five (5) days following the date of service of this

25  decision.

26  ///

                              13

1    IT IS SO ORDERED.

2    **Dated:     May 27, 2008**                   /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26