1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  BRIAN SUTTON, an individual and )    1:08-cv-0280 OWW GSA
   DEBORAH SUTTON PALMER, an       )
10 individual, and as husband and  )    SCHEDULING CONFERENCE ORDER
   wife,                           )
11                                 )    Further Scheduling
                    Plaintiffs,    )    Conference Date:  12/5/08
12                                 )    8:15 Ctrm. 3
        v.                         )
13                                 )
   DAVOL, INC, a Delaware          )
14 corporation, BARD DEVICES, INC.,)
   a Delaware corporation and C.R. )
15 BARD, INC., a New Jersey        )
   Corporation, JONATHAN L. SALES, )
16 M.D., an individual, BAKERSFIELD )
   MEMORIAL HOSPITAL, a            )
17 corporation, CATHOLIC HEALTHCARE )
   WEST, a corporation,            )
18                                 )
                    Defendants.    )
19                                 )
   _____ )
20                                 )

21

22 I.   Date of Scheduling Conference.

23      May 28, 2008.

24 II.  Appearances Of Counsel.

25      Lopez McHugh LLP by Troy A. Brenes, Esq., appeared on behalf

26 of Plaintiffs.

27      Hassard Bonnington LLP by Thomas M. Frieder, Esq., appeared

28 on behalf of Defendants Davol, Inc., Bard Devices, Inc., and C.R.

                              1

1  Bard, Inc.

2  III.  Summary of Pleadings.

3      <u>Plaintiffs' Summary</u>

4      1.    This case involves an action for damages suffered by

5  Plaintiffs as a direct and proximate result of (1) Defendants

6  Davol, Inc. ("Davol"), Bard Devices, Inc. ("Bard Devices"), and

7  C.R. Bard, Inc.'s ("C.R. Bard") negligent and wrongful conduct in

8  connection with the design, development, manufacture, testing,

9  packaging, labeling, promoting, marketing, distribution and sale

10 of the defective and unreasonably dangerous product known as the

11 Bard® Composix® Kugel® Hernia Patch ("Kugel Patch"), <u>or</u> (2)

12 Defendants Jonathan L. Sales, M.D., Bakersfield Memorial

13 Hospital, and Catholic Healthcare West's medical negligence in

14 *inter alia*, failing to properly implant the Kugel Patch and/or by

15 implanting a Kugel Patch after they have been notified of the

16 recall.

17     2.    Davol is a wholly owned subsidiary of Bard Devices.

18 Bard Devices is in turn a wholly owned subsidiary of C.R. Bard.

19 Plaintiffs are informed and believe, and thereupon allege, that

20 at all relevant times to this action Davol and Bard Devices were

21 the agents, servants, employees, subsidiaries, affiliates,

22 partners, assignees, successor-in-interests, predecessor-in-

23 interests, alter egos, joint venturers, and/or other

24 representatives of C.R. Bard and was acting in such capacity in

25 undertaking the acts, conduct, and omissions as alleged herein.

26     3.    In October 2000, Defendants, C.R. Bard and Bard Devices

27 through their Davol subsidiary submitted a 510(k) notification of

28 intent to market the Kugel Patch.  The Federal Drug

                              2

1   Administration (hereinafter the "FDA") approved the Kugel Patch

2   for marketing as a Class II medical device in January 2001.

3        4.    The Kugel Patch is a prosthetic device used primarily

4   to repair ventral and inguinal hernias.  The Patch is composed of

5   two sides.  One side is constructed of a double layer of

6   monofilament polypropylene ("PPM").  This material has a very

7   high tissue ingrowth factor, which essentially makes it like an

8   adhesive.  This double layer creates a positioning pocket, in

9   which a polymer "memory recoil ring" is placed.  On the other

10  side is a barrier of expanded polytetrafluoroethylene ("ePTFE").

11  This material has a very low tissue ingrowth factor and is

12  designed to shield the soft tissue of the bowels and other organs

13  from the adhesive PPM side of the patch.  The memory recoil ring

14  is placed in a positioning pocket created by the double layer of

15  PPM.  The purpose of the memory recoil ring is to allow the Kugel

16  Patch to swing open and maintain its shape during placement and

17  to maintain the integrity of the shape of the Kugel Patch and

18  prevent the PPM side of the Kugel Patch from coming into contact

19  with sensitive organs and intestines.

20       5.    Immediately after the Kugel Patch was placed on the

21  market, Defendants, Davol, Bard Devices, and C.R. Bard, became

22  aware and obtained knowledge that the Kugel Patch was causing

23  serious injury to those persons in whom it had been implanted.

24  Davol, Bard Devices, and C.R. Bard knowingly, willfully, and

25  intentionally concealed and/or misrepresented their knowledge of

26  the defective and unreasonably dangerous condition of the Kugel®

27  Patch from Plaintiff, the health care industry, and other

28  American consumers.

3

1       6.    Defendants Davol, Bard Devices, and C.R. Bard were

2  required to conduct post-market surveys as part of the device

3  validation process.  On or about January 2006, the FDA inspected

4  a Kugel Patch manufacturing facility belonging to Defendants

5  Davol, Bard Devices, and C.R. Bard.  This inspection resulted in

6  the FDA issuing an Establishment Inspection Report ("EIR") in

7  2006.  The 2006 EIR found that the post-market survey validation

8  process of the device was incomplete and failed to include all

9  data from physicians surveyed during this time, including those

10 which demonstrated unfavorable or "dissatisfied" results.  These

11 complaints and concerns of physician surveyors were actively

12 concealed by Defendants from Plaintiff, the healthcare community,

13 and other American consumers.

14      7.   No later than September 2004, Defendants Davol, Bard

15 Devices, and C.R. Bard inclusive, became aware and obtained

16 knowledge of serious problems with the weld process involving the

17 memory recoil ring.  Despite attempts to correct the problem at

18 the manufacturing plant, said Defendants found the corrective

19 measures to be ineffective and the process still not in control.

20 These Defendants were aware that these weld issues had existed

21 from the time the Kugel Patch was placed on the market and all

22 current sizes and lots suffered from this dangerous defect.  This

23 information was intentionally withheld at this time from

24 Plaintiff, the healthcare community, the FDA, and other American

25 consumers.

26      8.    According to the 2006 EIR, Davol corporate executives

27 informed the FDA that the spring and summer period of 2005 showed

28 a marked increase in the number of adverse event complaints

**4**

1  regarding the Kugel® Patch and the memory recoil ring.  The FDA

2  records indicate that as of August 2005, Defendants had received

3  at least the following adverse event reports: 17 instances of

4  ring breaks, at least one of which resulted in death; two

5  unexplained bowel perforations; four ring breaks during implant

6  procedures; five cases of device deformity; and eight instances

7  of bowel adhesions to the patch.

8      9.    On December 22, 2005, Defendant Davol, Bard Devices,

9  and C.R. Bard issued a recall for extra-large sizes of the Kugel

10 Patch.  The FDA later classified this as a Class 1 recall.  Class

11 1 recalls are the most serious type of recalls and involve

12 situations in which the FDA believes there is a reasonable

13 probability that use of the product will cause serious injury or

14 death.  On March 24, 2006, Defendants Davol, Bard Devices, and

15 C.R. Bard expanded the recall to include "oval," "large circle,"

16 and "large oval" Kugel Patches.  Defendants expanded the recall

17 for a second time on January 10, 2007, to include further

18 production lots.

19     10.   The FDA stated the basis for the recall as follows:

20        The "memory recoil ring" that opens the Bard® Mesh
           Patch can break under the stress of placement of the
21         large sized products in the intra-abdominal (inside the
           belly area) space.  This can lead to bowel perforations
22         (rupture) and/or chronic (recurring) intestinal
           fistulae (abnormal connections or passageways between
23         the intestines and other organs).

24     11.   On or about January 2006, the FDA inspected a Kugel

25 Patch manufacturing facility owned and operated by Defendants

26 Davol, Bard Devices and C.R. Bard.  This inspection resulted in

27 the FDA issuing an Establishment Inspection ("EIR") in 2006.  The

28 EIR determined, among other things, that said Defendants:

5

1        a.    had excluded memory recoil ring failure events

2  from their complication database, reports, and recall notices,

3  which should have been included;

4        b.    misidentified numerous Kugel Patch complication

5  events;

6        c.    failed to apply product quality hold and release

7  procedures on a timely basis;

8        d.    failed to properly follow procedures for

9  conducting design validation review;

10        e.    failed to identify all actions necessary to

11  correct and prevent recurrence of further ring break and Kugel

12  Patch complications; specifically, Defendant failed to provide

13  justification for including only extra large Kugel Patch sizes in

14  the December 2005 recall;

15        f.    failed to provide all reasonably known information

16  regarding numerous Kugel Patch complaints, specifically noting

17  that company officials had "understated" in several reports to

18  the FDA the potential severity of device-related injuries,

19  including three reports involving injuries and one report

20  involving a possible device-related death;

21        g.    failed to perform strength testing on memory

22  recoil rings for all sizes of Kugel Patches before putting them

23  into the stream of commerce;

24        h.    failed to maintain appropriate sources for quality

25  data to identify, track, and trend existing and potential causes

26  for memory recoil ring failures and Kugel Patch complaints

27  resulting in numerous inconsistencies and errors in the raw data,

28  actual complaints, and electronic databases.

**6**

1     12.   The FDA inspected the same facility again from January

2  23 through March 13, 2007.   On April 24, 2007, the FDA issued a

3  "Warning Letter" to Defendants Davol, Bard Devices and C.R. Bard,

4  notifying them that the inspection had *again* uncovered "serious

5  violations of the law" in regards to the quality assurance

6  program used in manufacture of Kugel Patches.   These violations

7  were of such a degree and nature that the FDA determined the

8  Kugel Patches to be "adulterated" under section 501(h) of the

9  *Federal Food, Drug and Cosmetic Act*.   The warning letter

10 specifically mentions, *inter alia*, the following violations:

11          a.   Failure to establish and maintain adequate

12 corrective and preventative action procedures which ensure

13 identification of actions needed to correct and prevent the

14 recurrence of nonconforming product and other quality problems;

15          b.    Failure to establish adequate management controls

16 to ensure that an effective quality system has been established

17 and maintained;

18          c.    Failure to document the implementation of

19 corrective and preventative actions;

20          d.    Failure to validate your device's design to ensure

21 that the device conforms to defined user needs and intended uses;

22          e.    Failure of your firm to establish procedures to

23 completely address the identification, documentation, evaluation,

24 segregation, disposition and investigation of non-conforming

25 product.

26     13.   The letter notes that as an example of the enumerated

27 violation (e), Defendants' "quality system failures" resulted in

28 the delayed recall of the defective Kugel Patches.

**7**

1    14.   On February 22, 2006, Plaintiff Brian Sutton underwent

2   a laparoscopic hernia repair procedure at Bakersfield Memorial

3   Hospital.   Defendants Jonathan L. Sales, M.D., and the agents and

4   employees of Bakersfield Memorial Hospital, and Catholic

5   Healthcare West performed the procedure and in doing so implanted

6   a large oval (5.4" x 7.0") Bard® Composix® Kugel® Hernia Patch

7   into Brian Sutton's abdomen.

8    15.   Defendants, Davol, Bard Devices, and C.R. Bard, through

9   their officers, directors, agents, servants, employees,

10  representatives, and/or parent or subsidiary corporations,

11  designed, manufactured, tested, labeled, marketed, promoted,

12  sold, distributed and placed into the stream of commerce the

13  above-mentioned Kugel Patch.   The purpose of the Kugel Patch was

14  to be used by surgeons for hernia repair surgeries.

15    16.   Plaintiff Brian Sutton experienced severe pain for the

16  first six weeks after the surgery.   At that point, the original

17  pain went away, but he then began to experience a different type

18  of pain.   He describes this as a "chronic, sharp, and burning

19  pain deep in the area of the mesh implant."   These pains occurred

20  several times every day.

21    17.   Defendants Bakersfield Memorial Hospital and Catholic

22  Healthcare West, sent Plaintiff Brian Sutton a letter on March

23  26, 2006, in which they claim to have implanted him with a

24  recalled Kugel Patch after they had been notified of the recall.

25    18.   Defendants, Jonathan L. Sales, M.D., and the agents and

26  employees of Bakersfield Memorial Hospital and Catholic

27  Healthcare West surgically removed the Kugel Patch from Brian

28  Sutton at Bakersfield Memorial Hospital on September 24, 2007.

**8**

1 The surgery was performed because Plaintiff was implanted with a

2 recalled product and was symptomatic for a memory recoil ring

3 break.  The memory recoil ring inside the Kugel Patch, was in

4 fact, discovered to have broken while inside Plaintiff.  This

5 defect is what caused his severe and permanent injuries.

6     19.  Plaintiffs allege that Defendants, Davol, Bard Devices,

7 and C.R. Bard, knew or in the exercise of reasonable care should

8 have known, prior to the recalls of the Kugel Patch and prior to

9 its implantation into Plaintiff, that the aforesaid products were

10 of such a nature that they were not properly designed,

11 manufactured, tested, labeled, marketed, sold, distributed,

12 monitored, provided with proper warnings, were not suitable for

13 the purpose they were intended, and were defective and

14 unreasonably dangerous.

15     20.  Plaintiffs allege that Defendants, Davol, Bard Devices,

16 and C.R. Bard, did not timely apprise Plaintiffs, the healthcare

17 industry, or other American consumers of the defective and

18 unreasonably dangerous condition of the Kugel Patch, despite

19 Defendant's knowledge of said condition.

20     21.  Plaintiffs allege that Defendants, Davol, Bard Devices,

21 and C.R. Bard, became aware and obtained knowledge that said

22 product was defective and causing serious injury to those persons

23 in whom it had been implanted.  Said Defendants knowingly,

24 willfully, and intentionally concealed and/or misrepresented

25 their knowledge of the defective and unreasonably dangerous

26 condition of the Kugel Patch from Plaintiff, the healthcare

27 industry, and other American consumers.

28     22.  Plaintiffs are informed and believe, and thereupon

9

1  allege that Defendants, Davol, Bard Devices, and C.R. Bard failed

2  to comply with FDA 510(k) application and reporting requirements.

3       23.   Plaintiffs therefore allege that Defendants, Davol,

4  Bard Devices, and C.R. Bard, are proximately liable for

5  Plaintiffs' injuries under theories of negligence, strict

6  products liability, fraud and deceit, and that they violated

7  Plaintiffs' consumer protection rights.

8       24.   Plaintiffs also allege that Defendants Dr. Sales and

9  Bakersfield Memorial Hospital, through its agents and employees,

10  were also proximately liable for Plaintiffs' injuries as they

11  implanted the Kugel Patch after they had been notified of the

12  recall and/or improperly implanted the Kugel Patch during the

13  repair procedure.

14       25.   Plaintiffs' injuries consist of serious, harmful,

15  permanent, physical injuries, which have, and will continue in

16  the future to, cause severe physical pain and suffering, and

17  emotional distress.  Plaintiff's quality of life has been

18  severely and detrimentally affected, and in the future Plaintiff

19  will be required to expend substantial sums of money for medical,

20  hospital, and related care, all to Plaintiff's financial

21  detriment.

22       26.   At all times relevant, Plaintiff Deborah Sutton was and

23  continues to be married to Brian Sutton.  As a direct and

24  proximate cause of Defendants' conduct and the defective Kugel

25  Patch, Plaintiff Deborah Sutton has suffered, and will continue

26  to suffer, loss of consortium.

27       27.   Plaintiffs allege causes of action for negligence;

28  strict products liability for failure to warn, design defect, and

1 manufacturing defect; breach of express warranty; breach of

2 implied warranty; deceit by concealment (*Cal. Civ. Code* §§ 1709-

3 1710); deceit by intentional misrepresentation (*Cal. Civ. Code*

4 §§ 1709-1710); common law fraud and deceit; common law negligent

5 misrepresentation; and loss of consortium against Defendants

6 Davol, Bard Devices, and C.R. Bard.  Under these causes of

7 action, Plaintiffs request the following relief:

8          a.   General damage according to proof at the time of

9 trial;

10         b.   Medical and other special damages, past, present

11 and future, according to proof at the time of trial;

12         c.   Loss of earnings and lost earnings capacity,

13 according to proof at the time of trial;

14         d.   For medical monitoring according to proof;

15         e.   For pre-judgment and post-judgment interest as

16 allowed by the laws of the State of California;

17         f.   Punitive damages;

18         g.   Costs of suit incurred herein; and

19         h.   For such other and further relief as the court may

20 deem just and proper.

21    28.   Plaintiffs also allege causes of action for violation

22 of Business and Professions Code §§ 17200, et seq., Business and

23 Professions Code §§ 17500, et seq., and Civil Code §§ 1750, et

24 seq., against Defendants Davol, Bard Devices, and C.R. Bard.

25 Pursuant to these causes of action, Plaintiffs request the

26 following relief:

27         a.   For injunctive relief, forever enjoining

28 Defendants from the acts of unfair competition and untrue and

1  misleading business practices, and ordering Defendants to pay

2  restitution to Plaintiff, Brian Sutton, all funds acquired by

3  means of any act violating these statutes;

4          b.    For disgorgement of Defendant's profits;

5          c.    For exemplary and punitive damages in an amount to

6  be proved at trial;

7          d.    For such other and further relief as the Court

8  deems just and proper;

9          e.    For attorney's fees, according to proof.

10     29.   Plaintiffs also allege claims of medical negligence and

11 loss of consortium against Defendants Jonathan L. Sales, M.D.,

12 Bakersfield Memorial Hospital, and Catholic Healthcare West.

13 Pursuant to these claims, Plaintiffs request the following

14 relief:

15         a.    General damages according to proof at the time of

16 trial;

17         b.    Medical and other special damages, past, present

18 and future, according to proof at the time of trial;

19         c.    Loss of earnings and lost earnings capacity,

20 according to proof at the time of trial;

21         d.    For medical monitoring according to proof;

22         e.    For pre-judgment and post-judgment interest as

23 allowed by the laws of the State of California;

24         f.    Costs of suit incurred herein; and

25         g.    For such other and further relief as the Court may

26 deem just and proper.

27     **Defendant's Summary**

28     1.    C.R. Bard, Inc., Davol, Inc., and Bard Devices, Inc.

1  ("Davol") adopt and incorporate their responses and defenses

2  contained in their Answer and Affirmative Defenses to the

3  allegations contained in Plaintiff's narrative in this report.

4  The Composix® Kugel® Hernia Patch has been approved by the

5  Federal Food and Drug Administration in the surgical treatment of

6  soft tissue defects such as ventral hernias when used by

7  prescribing physicians in accordance with its accompanying

8  labeling information.  The Composix® Kugel® Hernia Patch is a

9  self-expanding, nonabsorbable, sterile prosthesis containing two

10  layers of monofilament polypropylene with an ePTFE monofilament

11  layer and an extruded monofilament PET polymer ring.  The

12  polypropylene monofilament allows a prompt fibroblastic response

13  through the interstices of the mesh.  The monofilament ring

14  facilitates placement of the patch.  The ePTFE layer has a sub-

15  micronal porosity, which minimizes tissue ingrowth.

16       2.   Davol further states that at this early stage in the

17  case, prior to formal discovery and with little information

18  concerning the alleged factual basis for Plaintiffs' claims,

19  Davol is not required to enumerate every issue relevant to its

20  defenses, nor can it.  Davol therefore reserves its right to

21  fully address these allegations at the appropriate time but

22  denies any liability to Plaintiffs for any alleged injury.  It

23  also appears from the information currently known to Davol that

24  the Plaintiff did not experience a memory recoil ring break; and

25  that information relating to other alleged breaks and to the

26  recall of certain Composix Kugel Patches is irrelevant to

27  Plaintiffs' claims and Davol's defenses.

28  ///

13

1 IV.  Orders Re Amendments To Pleadings.

2      1.    The parties do not presently contemplate amendment of

3 the pleadings at this time.

4 V.   Factual Summary.

5      A.   Admitted Facts Which Are Deemed Proven Without Further

6 Proceedings.

7           1.   Plaintiffs and Defendants Davol, Bard Devices, and

8 C.R. Bard do not contest the following facts:

9           2.   Davol is organized under the laws of the State of

10 Delaware with its principal place of business at 100 Crossing

11 Boulevard, Warwick, Rhode Island 02886 and is a subsidiary of

12 C.R. Bard.

13          3.   Davol, at various times, designed and distributed

14 the Bard® Composix® Kugel® Hernia Patch throughout the United

15 States, including the State of California, for use by prescribing

16 physicians in accordance with its accompanying labeling

17 information.

18          4.   Bard Devices is organized under the laws of the

19 State of New Jersey with its principal place of business in New

20 Jersey.

21          5.   C.R. Bard is organized under the laws of the State

22 of New Jersey with its principal place of business in New Jersey.

23          6.   The Bard® Composix® Kugel® Hernia Patch is

24 indicated for use in the repair of soft tissue defects, such as

25 ventral hernias, when used by prescribing physicians in

26 accordance with its accompanying labeling information.

27     B.   Contested Facts.

28          1.   Defendants Davol, Bard Devices, and C.R. Bard

1   contest all other facts alleged in Plaintiffs' complaint.

2   VI.   Legal Issues.

3       A.   Uncontested.

4           1.   In the event this Court has subject matter

5   jurisdiction, venue is proper under 28 U.S.C. § 1292.

6       B.   Contested.

7           1.   Whether the Court has subject matter jurisdiction.

8           2.   Whether the case should be wholly adjudicated in

9   State Court.

10          3.   All remaining legal issues are disputed.

11  VII. Consent to Magistrate Judge Jurisdiction.

12      1.   The parties have not consented to transfer the

13  case to the Magistrate Judge for all purposes, including trial.

14  VIII.     Corporate Identification Statement.

15      1.   Any nongovernmental corporate party to any action in

16  this court shall file a statement identifying all its parent

17  corporations and listing any entity that owns 10% or more of the

18  party's equity securities.  A party shall file the statement with

19  its initial pleading filed in this court and shall supplement the

20  statement within a reasonable time of any change in the

21  information.

22  IX.   Status of Case.

23      1.   The Court has issued an order remanding the medical

24  Defendants and medical claims to the Superior Court of

25  California, County of Kern.  There is currently pending in the

26  District of Rhode Island, a multi-district action MDL Docket

27  Number 1842 In re: Kugel Mesh Hernia Patch Products Liability

28  Litigation.

1    2.    The Plaintiffs have not determined their intended

2  course of action as to the Federal case and the now-remanded

3  State case.

4    3.    A hearing is set for May 29, 2008, in the Multi-

5  District Litigation Panel to determine whether the Federal

6  produces liability case should be transferred for coordinated

7  pretrial proceedings in the Multi-District case.

8    4.    Accordingly, a status conference shall be held in this

9  case, in the event the Federal case is not transferred, on

10  December 5, 2008, at 8:15 a.m.   The parties may appear

11  telephonically.

12    5.    In the event that the parties determine that a

13  different course of action will be taken, they shall advise the

14  Court and a scheduling conference will be held.

15

16

17  IT IS SO ORDERED.

18  **Dated:    May 28, 2008**                    **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28